UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) GABRIEL MARIE GARCIA; JOYCE KING, ) ) Defendants. ) ) | Case No.: 2:13-cv-02099-GMN-VCF<br><br>ORDER |

Pending before the Court is the Motion to Dismiss for Lack of Jurisdiction (ECF No. 7) filed by Defendant Gabriel Marie Garcia ("Garcia"). Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff") filed a Response (ECF No. 9) and Garcia filed a Reply (ECF No. 10). Also pending before the Court is Plaintiff's Motion for Leave to File Supplemental Briefing on Defendant Gabriel Garcia's Motion to Dismiss. (ECF No. 15.) Garcia filed a Response (ECF No. 17) and Plaintiff filed a Reply (ECF No. 18).

I.  **BACKGROUND**

This case arises from an automobile accident between Defendant Joyce King ("King"), the driver, and Garcia, a pedestrian. (Compl. ¶ 6.) At the time of the accident, King held an automobile insurance policy with Plaintiff. (*Id.* ¶ 5.) Thereafter, on March 28, 2011, Garcia's attorney sent a letter to Plaintiff demanding recovery in the amount of the policy limits of King's insurance policy. (*Id.* ¶ 9.) After Plaintiff completed its investigation, it "decided to place its entire $50,000 bodily injury policy limit on the file to resolve [Garcia's] claim," as previously requested by Garcia's attorney. (*Id.* ¶ 14.) However, Garcia's attorney later provided a "covenant not to execute and assignment" that included terms that Plaintiff deemed unreasonable and that were allegedly never discussed during Plaintiff's prior communications

with Garcia's attorney. (*Id.* ¶ 16.) As a result, Plaintiff declined to execute this covenant and assignment and Garcia filed an action in Nevada state court. (*Id.*)  As a result of the state court action, Garcia obtained a jury verdict against King in excess of $230,000.00. (*Id.* ¶ 20.)

Plaintiff now asserts that, Garcia is seeking to recover the entire $230,000.00 judgment from Plaintiff. (*Id.* ¶ 24.)  For this reason, Plaintiff requests a variety of judicial declarations related to its rights and obligations in relation to King's insurance policy and its $50,000 policy limit. (*Id.* ¶¶ 24–30.)  After Plaintiff initiated the instant action, Garcia filed a Motion to Dismiss, in which Garcia argues that this Court lacks subject matter jurisdiction for two primary reasons. (Mot. to Dismiss 2:16–21, ECF No. 7.)  First, Garcia asserts that "there is no justiciable controversy ripe for judicial determination." (*Id.* at 2:17–18.)  Second, Garcia contends that "the Court lacks diversity jurisdiction as the amount in controversy does not exceed $75,000." (*Id.* at 2:18–19.)

## II.   DISCUSSION

The Declaratory Judgment Act (the "Act") provides that "[i]n a *case of actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).  To determine whether to hear an action filed under the Act, courts undertake a two-step inquiry.  First, the Court determines "whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).  Second, "the court must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942) and its progeny.*" Principal Life*, 394 F.3d at 669.  For the reasons discussed below, the Court concludes that Plaintiff has not demonstrated the existence of an actual controversy within the Court's jurisdiction.  Furthermore, even to the extent that this case did present such a controversy, the Court declines to hear this case under *Brillhart*.

**A.     Actual Case or Controversy Within this Court's Jurisdiction**

*1.     Diversity Jurisdiction: Amount in Controversy*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Here, Plaintiff asserts that jurisdiction is proper because the requirements for diversity jurisdiction are present. District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although neither party disputes that the complete diversity requirement is met, Garcia asserts that Plaintiff has failed to establish that the amount in controversy exceeds $75,000. The Court agrees.

Specifically, Plaintiff requests a series of declarations that relate to Plaintiff's maximum liability under King's insurance policy. (Compl. ¶¶ 24–26, 28.) Namely, Plaintiff asserts that its liability is capped by the $50,000 policy limit in King's insurance policy. (*Id.*) In its Response to Defendant's Motion, Plaintiff asserts that "by being required to post the appeal bond for the amount of the judgment, and not for the amount of its policy limit, the amount in controversy is the actual amount of the judgment, and not for the amount of its policy limit." (Resp. 17:7–9, ECF No. 9.) However, as discussed below, the required amount of a supersedeas bond in a state court proceeding is not the province of this Court. Thus, the amount of an appellate bond in state court is irrelevant in the jurisdictional analysis. At bottom, the amount in controversy in the declarations that Plaintiff seeks is $50,000, the face value of the insurance policy. *See Budget Rent-A-Car, Inc. g. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (noting that the "maximum liability under [an insurance policy] is relevant to determining the amount in controversy only if . . . the value of the underlying tort claims

exceeds the liability ceiling.").

### *2.     Actual Case or Controversy: Ripeness*

"The requirement that a case or controversy exist under the Declaratory Judgment Act is identical to Article III's constitutional case or controversy requirement.  If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Principal Life Ins. Co.*, 394 F.3d at 669 (internal quotation marks and citation omitted).  To establish that a given action is ripe, Plaintiff must show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Plaintiff first asserts that this action is ripe by relying on several cases in which courts found an actual controversy between an insurance provider and *its insured*. *See, e.g.*, *Dizol*, 133 F.3d at 1222 n.2.  However, the footnote in *Dizol* on which Plaintiff relies recognizes only that the Ninth Circuit "ha[s] consistently held that a dispute between an insurer and *its insureds* over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Id.* (emphasis added); *see also Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (holding that the actual controversy requirement was met when the insurer "brought its declaratory judgment action to establish whether it had a duty to defend and to indemnify [the defendant-insured].").  In *Kearns*, for example, the insurer and declaratory judgment plaintiff had previously denied coverage and was seeking a declaration that it was not obligated to defend or indemnify its insured against a third party claim. 15 F.3d at 143.

In contrast, Plaintiff in the present case clearly does not dispute its obligation to defend or to indemnify King under the terms of King's insurance policy because it already defended her in the related state court proceedings.  Furthermore, the instant action represents a dispute between an insurer (Plaintiff) and a *third party* (Garcia) who may receive benefits from the

insurance policy as a result of the insurer's (Plaintiff's) duty to indemnify its insured (King). Thus, as it relates to Garcia, the Court cannot conclude, based on these cases alone, that Article III's case or controversy requirement is satisfied.

Alternatively, declaratory judgment plaintiffs can satisfy the actual controversy requirement by establishing that the declaratory judgment defendant has threatened the plaintiff with impending litigation. *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1172 (9th Cir. 2002) ("The purpose of the Declaratory Judgment Act is to give litigants an early opportunity to resolve federal issues to avoid the threat of impending litigation."). However, in this case, Plaintiff has provided no indication that Garcia has actually attempted to collect the entirety of the state court judgment from Plaintiff or that Garcia has threatened Plaintiff with suit to collect an amount in excess of the purported policy limit. To be clear, Garcia is in possession of a large state court judgment against *King*, not Plaintiff. Furthermore, Plaintiff has provided no evidence that Garcia has threatened Plaintiff with impending litigation over the terms of the insurance policy. In reality, Plaintiff appears displeased with its result in the related state court trial and with its alleged obligation to post a supersedeas bond to appeal that state court verdict. These cannot serve as a basis of establishing that there is a "substantial controversy between [these] parties . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

For these reasons, Plaintiff has failed to established the existence of an actual controversy between itself and Garcia. Thus, the Court cannot properly exercise jurisdiction over this action as it relates to Garcia.

### B. *Brillhart* Factors

The Declaratory Judgment Act *permits* a court to provide prospective relief, but it does not compel a federal court to exercise its jurisdiction. *See Brillhart*, 316 U.S. at 494 (acknowledging that even if a district court has jurisdiction over a declaratory judgment action,

the court is "under no compulsion to exercise that jurisdiction"). In fact, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment." *Id.* at 288.

When determining whether to exercise jurisdiction over a declaratory judgment action, district courts "should avoid needless determination of state law issues; . . . should discourage litigants from filing declaratory actions as a means of forum shopping; and . . . should avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing *Brillhart*, 316 U.S. at 494–95). At its core, this determination is focused on "how judicial economy, comity and federalism are affected in a given case." *Dizol*, 133 F.3d at 1226.

On balance, the *Brillhart* factors favor dismissal. First, each of the declarations that Plaintiff seeks would require a determination of issues that uniquely involve state law. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) ("In prior cases, [the Ninth Circuit] ha[s] recognized that needless determination of state law issues alone may support remand."). Furthermore, the requested declarations implicate important state law issues and procedures, such as the process for posting a supersedeas bond in state court. *See Nelson v. Heer*, 122 P.3d 1252, 1253–54 (2005) (recognizing that Nevada state courts "retain the inherent power to grant a stay in the absence of a full bond" and articulating five factors that Nevada state courts will consider when determining "when a full supersedeas bond may be waived and/or alternate security substituted").

Second, the Court finds no indication that Plaintiff is forum shopping. Thus, this factor is neutral. Importantly, Garcia has not yet filed an action against Plaintiff in state court. *See Dizol*, 133 F.3d at 1225 (discouraging "reactive declaratory actions," or declaratory judgment

actions filed in federal court after an action is filed against the declaratory judgment plaintiff in state court).

Finally, the Court recognizes that the specific coverage issues implicated by Plaintiff's requested declarations were not decided in the state court litigation. However, the strength of the first factor in favor of dismissal outweighs this factor. Thus, even to the extent that jurisdiction in federal court is proper, the Court declines to hear this action.

### III. PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING

Plaintiff also requests to file additional briefing in opposition of Garcia's Motion to Dismiss. (ECF No. 15.) Specifically, Plaintiff wishes to provide additional argument now that Garcia has allegedly converted the state court jury verdict into a formal judgment. However, as mentioned above, this judgment is against King only, not Plaintiff. Furthermore, this does not amount to a sufficient indication that Garcia will imminently initiate litigation against Plaintiff. Thus, having reviewed Plaintiff's request to file supplemental briefing on Garcia's Motion to Dismiss, the Court finds that such supplemental briefing is unnecessary, as it would not alter the Court's reasoning for granting Garcia's Motion.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant Gabriel Marie Garcia (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Briefing (ECF No. 15) is **DENIED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 9th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge